PAULINE DOWNER, Appellant, *v.* STATE OF NEVADA, DEPARTMENT OF HUMAN RESOURCES, WELFARE DIVISION, Respondent.

No. 15718

August 27, 1985 705 P.2d 144

*Sharon E. Claassen,* Nevada Indian Rural Legal, Carson City, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Wilbur H. Sprinkel,* Deputy, Carson City, for Respondent.

## OPINION

*Per Curiam:*

This appeal is from a district court order affirming the denial of medicaid benefits by the Welfare Division. The Division's denial was predicated on a transfer of assets by the applicant ten

days prior to applying for medical benefits. The district court affirmed the denial, determining the evidence was insufficient to rebut the presumption, under § 904.4C of the Nevada Medical Eligibility Manual, that the transfer was for the sole purpose of obtaining medical eligibility. Because our review of the record indicates there was sufficient evidence to rebut the presumption, we reverse the district court order and remand the application to the Welfare Division for a re-evaluation.

An applicant is entitled to rebut the presumption that a transfer of funds was made to obtain medical eligibility when he can provide convincing evidence that "at the time of transfer the individual could not anticipate becoming eligible due to existence of other circumstances which would have precluded eligibility." 20 C.F.R. 416.1246(e) (1984).

The facts as found in the record present precisely this kind of evidence. On January 14, 1983, having been hospitalized eleven days and contemplating imminent death, ninety-year-old Raymond Tate transferred to his daughter and to his son-in-law (the Downers) the sum of $1,250.00 each. This was to repay the Downers for taking care of Mr. Tate and, in part, was to be used to help make repairs on their trailer. Mr. Tate survived, however, and was placed in a convalescent home. Because of the Downers' impoverished state, and in response to growing medical bills, Mrs. Downer, on behalf of her father, applied for Medicaid/State Aid to the Medically Indigent, through the State of Nevada, Department of Human Resources, Welfare Division.

We believe that Mr. Tate could not have anticipated that an application for Medicaid benefits would be filed on his behalf when he made his transfers because he believed his death was imminent. Moreover, we do not believe Mr. Tate should be penalized because the evidence shows that by the time he died, the Downers had used the entire amount to off-set a portion of his medical bills. The use of the transferred money to defray the costs of medical care of Mr. Tate is consistent with Congress' stated purpose in enacting the transfers of asset provision, 42 U.S.C.A. 1396p(c). S. Rep. No. 494, 97th Cong., 2d Sess. 38, *reprinted in* 1982 U.S. Code Cong. & Ad. News 814.

Therefore, we reverse and remand this matter to the district court with instructions to direct the Division to calculate and pay the Medicaid benefits owed to Raymond Hunter Tate.